**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANTANDER CONSUMER USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF ROCKVILLE CENTRE,<br><br>Defendants. | (Electronically Filed)<br><br>Civil Case No.<br>23-cv-7461-GRB-ARL<br><br>**RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on March 27, 2024 and was attended by:

> Alexander Ryan Sokolof of Norris McLaughlin, P.A., counsel for plaintiff Santander Consumer USA, Inc.
>
> William J. Croutier, Jr., counsel for defendant Village of Rockville Centre.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. Initial Disclosures

   Have the parties agreed to make initial disclosures? YES

   If yes, such initial disclosures shall be made by May 21, 2022

2. Venue and Jurisdiction
   Are there any contested issues related to venue or jurisdiction? NO

3. Parties and Pleadings

   The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by June 21, 2024

4. Motions

   Are there any pending motion(s)? NO

5. Issues

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

Plaintiff contends that Defendant Village of Rockville Centre ("Defendant") did not afford Plaintiff Santander Consumer USA, Inc. ("Santander") its due process rights, and violated other constitutional rights, when it a) removed a vehicle Santander held a constitutionally protected property interest in (the "Vehicle") from the roadway; b) placed the Vehicle into the possession of non-party tow company All County Towing ("All County"); c) extended the mantle of its authority to All County to impose an ex parte lien to secure payment of All County's alleged towing and storage fees; and d) extended the mantle of its authority to All County to dispose of the vehicle via salvage title. In doing so, Defendant, together with All County, acted under color of law to deprive Santander of its (a) ownership of a security interest in the Vehicle; (b) money that All County sought to force Santander to pay to All County; and (c) right to possession of the Vehicle and (d) right to protect its security by using its non-monetary default terms to recover the vehicle by seizing, detaining and disposing of the Vehicle without providing any form of notice or hearing whereat Santander could protect its interests, and without any compensation to Santander and by insisting that vehicles can only be recovered upon satisfaction of unilaterally imposed conditions. Thus, Defendant's actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Santander is entitled to relief under 42 U.S.C. § 1983. The nature of the action is to challenge the Defendant's policy for handling many vehicles seized under similar circumstances every year, and to adjudicate the constitutionality of those policies. Santander alleges that Defendant seizes vehicles for various law enforcement purposes, turns them over to its towing/impound contractors—in this instance, All County—and the vehicle is held until the towing/impound contractor is paid for the services rendered.

Defendant denies that it acted willfully and maliciously in any manner towards plaintiff.

The plaintiff's Complaint should be dismissed as a matter of law with respect to all State-based courses of action due to failure to comply with the statute of limitations for the commencement of an action against the municipal defendant as per the appropriate provisions of the New York State General Municipal Law §50(i).

That the plaintiff's Complaint should be dismissed as a matter of law due to the failure to comply with the statutory condition precedents to the commencement of an action at law against the municipal defendant as per the appropriate provisions of the New York State General Municipal Law §50(e).

The seizure and impoundment of the subject vehicle in which the plaintiff had an alleged security interest was reasonable and based upon the proper exercise of police powers as set forth in the NYS V & T Law §511-b and the Code of the Village of Rockville Centre §309-51.

That the plaintiff's Complaint should be dismissed since the claims against the defendant Village of Rockville Centre are frivolous.

That the plaintiff's Complaint does not state facts sufficient to constitute courses of action against the answering defendant pursuant to 42 USC §1983, 42 USC §1988, the Fourth Amendment of the Constitution of the United States, the Fifth Amendment of the Constitution of the United States and the Fourteenth Amendment of the Constitution of the United States.

The Complaint fails to state any legally cognizable claim that would confer subject matter jurisdiction on this Court.

That the plaintiff's Complaint failed to include a necessary party, All County Tow, who it is alleged by plaintiff that plaintiff contacted for the release of the vehicle and to whom All County Tow issued an impound notice.

That the allegations by plaintiff of a conspiracy by the Village of Rockville Centre, its Police Department and All County Tow to impound vehicles within the jurisdiction of Rockville Centre in order to turn a profit is baseless and totally without merit.

That if it is determined that the defendant Village of Rockville Centre did commit any of the said alleged acts, same were performed in good faith, without malice, and that there was both reasonable and proper cause.

6. Discovery Procedures

a. The parties agree that all fact discovery shall be completed by November 26, 2024. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

b. Do the parties anticipate the production of ESI? NO

c. Do the parties intend to seek a confidentiality order or claw back agreement? NO

7. Dispositive Motions

Any party planning on making a dispositive motion must take the first step in the motion process by February 7, 2025

8. Expert Testimony
   a. Primary expert reports must be produced by October 18, 2024
   b. Rebuttal expert reports must be produced by November 18, 2024

9. Settlement

Settlement Discussions have taken place. Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:

Counsel for Plaintiff has disclosed the changes it needs Defendant to make to its policies and procedures so as to comply with its due process requirements.

The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

10. Rule 16 Pretrial Conference

Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11. Consent to Magistrate Judge
Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

YES

12. Other Matters

N/A

13. Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses.

.

Dated: New York, New York
March 28, 2024

**NORRIS, McLAUGHLIN, PA**

By: */s/ Alexander Ryan Sokolof*
Alexander Ryan Sokolof, Esq.
7 Times Square, 21st Floor
New York, New York 10036
Phone: (212) 808-0700
Facsimile: (212) 808-0844
arsokolof@norris-law.com

*Attorneys for Plaintiff*

HAMMILL, O'BRIEN, CROUTIER,
DEMPSEY, PENDER & KOEHLER, P.C.

By: */s/ William J. Croutier, Jr.*
William J. Croutier, Jr.
*Attorneys for Defendant*
*Village of Rockville Centre*
6851 Jericho Turnpike, Suite 250
Syosset, New York 11791
wjc@hocd.com

*Attorneys for Defendant*